J-S35006-25

2026 PA Super 1

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v.  :
:
:
BRENTON JOSEPH  :
:
Appellant  : No. 681 MDA 2025

Appeal from the Judgment of Sentence Entered March 18, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0002636-2024

BEFORE:  OLSON, J., MURRAY, J., and LANE, J.

OPINION BY OLSON, J.: **FILED: JANUARY 5, 2026**

Appellant, Brenton Joseph, appeals from the judgment of sentence entered on March 18, 2025, as made final by the denial of Appellant's post-sentence motion on April 21, 2025. We affirm.

The trial court ably summarized the underlying facts of this case:

On April 26, 2024, at the Kings Inn, located on Fraver Drive [in Muhlenberg Township], . . . the police were dispatched to handle a disorderly customer who had been refused service. At approximately 10:20 p.m., [Appellant] arrived at the Kings Inn looking to rent a room. He had stayed at the Inn a few days prior. Raul Lopez [(hereinafter "the Victim")], an employee of the Kings Inn, advised him that there was no vacancy. [Appellant] became angry and confrontational but ultimately left the building. . . .

Once outside, [Appellant] continued to yell and kicked a door on the way to his car. He did not leave the property immediately. [The Victim], who had also exited the building, told [Appellant] to leave the property or police would be called. They continued to argue. [Appellant] pulled a folding knife from his pocket, opened it at his side, and still yelling, began to approach [the Victim]. [The Victim] called the

police. The wives of both [Appellant] and [the Victim] were present and witnessed parts of the incident. . . .

[The Victim's wife] pulled out a gun and held it by her side after [Appellant] displayed the knife. After some additional aggressive comments, [Appellant] returned to his car and left the premises with his wife. The entire incident took approximately twenty-five (25) minutes.

Trial Court Opinion, 6/17/25, at 2.

A jury found Appellant guilty of simple assault and the trial court found Appellant guilty of the summary offense of disorderly conduct.[1] On March 18, 2025, the trial court sentenced Appellant to serve a term of six to 12 months in jail for his simple assault conviction.[2] Following the denial of Appellant's post-sentence motion, Appellant filed a timely notice of appeal. He raises one claim on appeal:

Was there sufficient evidence presented at trial to support the guilty verdict for simple assault, in that the testimony at trial failed to demonstrate that [Appellant] attempted by menace to put the [] victim in fear of imminent serious bodily injury[?]

Appellant's Brief at 7.

Appellant claims that the evidence was insufficient to support his simple assault conviction. We review Appellant's sufficiency of the evidence challenge under the following standard:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial

_____

[1] 18 Pa.C.S.A. §§ 2701(a)(3) and 5503(a)(1), respectively.

[2] Appellant received no further penalty for his disorderly conduct conviction.

- 2 -

in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Callen*, 198 A.3d 1149, 1167 (Pa. Super. 2018) (citations and quotation marks omitted).

On appeal, Appellant claims that the evidence was insufficient to support his Section 2701(a)(3) conviction, as there was no evidence he "attempted by physical menace to put [the Victim] in fear of serious bodily injury." Appellant's Brief at 12. This claim fails.

Appellant was convicted of simple assault under 18 Pa.C.S.A. § 2701(a)(3). In relevant part, this subsection declares:

a person is guilty of assault if he:

. . .

(3) attempts by physical menace to put another in fear of imminent serious bodily injury.

18 Pa.C.S.A. § 2701(a)(3).

Simple assault under Section 2701(a)(3) thus contains the following elements:  1) the defendant attempted to put another person in fear of imminent serious bodily injury and took a substantial step toward causing this fear; 2) the defendant used physical menace to do so; and, 3) "it was the defendant's conscious object or purpose to cause fear of [imminent] serious bodily injury."  *See Commonwealth v. Little*, 614 A.2d 1146, 1151 (Pa. Super. 1992); *see also Commonwealth v. Reynolds*, 835 A.2d 720, 726 (Pa. Super. 2003); *see also* Pa.S.S.J.I. (Crim) 15.2701D.

"Serious bodily injury" means "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."  18 Pa.C.S.A. § 2301.  Further, we have defined the term "physical menace" as "menacing or frightening activity."  *See Reynolds*, 835 A.2d at 726; *see also* Pa.S.S.J.I. (Crim) 15.2701D (defining "physical menace" as "some physical act that was menacing or frightening").  We also note that the official comment to Section 2701 provides:  "Subsection (a)(3) covers the situation when the actor intends to frighten even though he does not intend, or lacks ability, to commit a battery."  18 Pa.C.S.A. § 2701 cmt.

Viewed in the light most favorable to the Commonwealth, the evidence establishes that, on the night of April 26, 2024, Appellant arrived at the King's Inn, intoxicated.  N.T. Trial, 3/18/25, at 24.  When told there were no rooms to rent, Appellant slammed the lobby door, went out to his car, and began playing his car stereo at a high volume.  *Id.* at 25-26.  In response, the Victim

went outside and "told him . . . we don't have no rooms, you're playing loud music, you are going to disturb the customers, I am going to get complaints, you have to go." *Id.* at 26.

The Victim testified that Appellant got out of his car, "chased [the Victim] to [the] lobby door," and kicked the door "numerous times," causing damage to the door. *Id.* at 26-27. The Victim testified:

> After he kicked the door, I reopened the door back up. I have the phone in my hand and I threatened him telling him, I'm going to call 911 because now you are destro[ying] my property. . . .
>
> [At the time, my wife was outside smoking a cigarette. She said], babe, are you okay. [I said] yeah. . . .
>
> While I'm talking to the [911] operator, [Appellant and I were] arguing. And while [we were] arguing, I see a pocket knife come out his right hand. . . . And it was like a simple pocket knife. He had a firm grip and put it down his right side. And when I seen that, my wife is licensed to carry and she is concealed.
>
> So when she seen that when he was coming towards me, that's when she pulled out and put the gun down on her side of the hip. And that's when he looked at it and he said, you're bringing a gun to a knife fight.

*Id.* at 27-30.

The Victim testified that the knife blade was open as Appellant approached him. *Id.* at 37. The Victim also testified that, as Appellant approached him: "He called me a bitch. . . . He did tell me that I was a little boy bringing a gun to a knife fight. I said whatever, bro, I'm not going to keep arguing." *Id.* at 31.

The Victim testified that Appellant only stopped walking towards him when "he [saw] the gun." *Id.* As the Victim testified, at that point, Appellant "just stopped [] coming towards me," turned around, and went back to his car. *Id.* at 31-32 and 43.

The above evidence is sufficient to support Appellant's Section 2701(a)(3) conviction. Here, Appellant was intoxicated and acting in an openly violent manner towards the Victim. Appellant then brandished a knife, opened the blade, and began approaching the Victim with the knife in his hand. Appellant only stopped his approach when he saw that the Victim's wife had a gun – and Appellant then openly admitted that he intended to use the knife to fight the Victim.

A knife is obviously capable of inflicting serious bodily injury upon a person. Further, the evidence demonstrates that: Appellant attempted to put the Victim in fear of imminent serious bodily injury when he walked towards the Victim with the open-bladed knife in his hand; Appellant took a substantial step towards placing the Victim in fear of imminent serious bodily injury when he brandished the knife, opened its blade, and began walking towards the Victim; Appellant's use of the knife and his approach towards the Victim constituted a "menacing or frightening activity;" and, Appellant intended to place the Victim in fear of imminent serious bodily injury by walking towards him with an open-bladed knife in his hand. *See* 18 Pa.C.S.A. § 2701(a)(3).

The evidence is thus sufficient to support Appellant's simple assault conviction under Section 2701(a)(3). Appellant's claim to the contrary fails.

Judgment of sentence affirmed.  Jurisdiction relinquished.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 1/5/2026